UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONNIE BARTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-1069 |
| | § | |
| DIETICIAN, | § | |
| | § | |
| Defendant. | | |

## MEMORANDUM AND ORDER

Harris County Jail (HCJ) inmate Ronnie Barton (HCJ # 02564774) has filed an amended complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with the conditions of his confinement at the HCJ [Doc. # 1]. At the Court's request, Barton has also filed a more definite statement of his claims [Doc. # 6]. However, Barton has failed to submit an application to proceed *in forma pauperis* in compliance with the Court's Order [Doc. #4]. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.  BACKGROUND

Barton, who is in jail for failing to register as a sex offender, complains that an unnamed dietician has been deliberately indifferent to his health and safety by

1

serving food that has made him ill.  He alleges that he has been given a special diet tray which he refuses to eat because his digestive system responded poorly to the diet tray food.  Barton claims that he has asked the dietician to give him a tray with regular food on several occasions but his requests have been refused.  He states, "I Ronnie W. Barton have the right to refuse to eat a diet tray and no one can make me Ronnie W. Barton eat anything I don't want to eat..."  [Doc. # 1, at 4].  He seeks $ 50,575.00 in monetary damages.  *Id.*

In response to the Court's inquiry about the harm suffered, Barton states that he suffered from diarrhea and vomiting and that his stomach could not hold anything [Doc. # 6 at 3].  He does not allege hospitalization, medical care or any injury needing medical attention.   Barton also responded that the following items were provided regularly on the diet tray which he could not tolerate: baked fish, boiled chicken breast, sandwich meat, and noodles.  *Id.* at 4.  He complains that they upset his stomach and cause it to "clog[] up" while at the same time cause him diarrhea and heartburn.  *Id.*  He claims that he needs to drink liquids in order to hold his food.  Barton also lists the following food items which have been served to him on the diet tray that his system has been able to handle: chicken patties, hamburger patties, bananas, oranges, cereal, corn, mashed potatoes, peas, and carrots.  Barton denies ever being prescribed a diet before being jailed or while he

2

has been at HCJ.  *Id.* at 5.  He also denies having missed any meals while he has been incarcerated at HCJ.  *Id.* at 6.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

The plaintiff proceeds *pro se* in this case.  Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review.  *See Haines v. Kerner*, 404 U.S. 519 (1972).  Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

## III.   JAIL CONDITIONS - FOOD

Barton is a convicted sex offender.  Therefore, his jail conditions complaint is reviewed under the Eighth Amendment which prohibits cruel and unusual

4

punishment. *See Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000). Regardless of whether he is a convicted felon or a pretrial detainee, the Court must consider whether Barton has alleged facts which indicate he has been denied basic human needs which include food. *Id.* An inmate has the right to be provided with well balanced meals that are sufficient to maintain his health and well being. *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996). Although an inmate has the right to basic nourishment, this right is not violated if he misses an occasional meal. *Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999). Deprivation of food constitutes cruel and unusual punishment in violation of the Eighth Amendment only if the defendant denies the inmate the minimal civilized measure of life's necessities. *Talib v. Gilley*, 138 F.3d 211 (5th Cir. 1998). In addition, there is no violation if the inmate has been subjected to an isolated incident of food poisoning or if he has been negligently fed food that might be injurious to his health. *Green v. Atkinson*, 623 F.3d 278, 280-281 (5th Cir. 2010); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). The inmate must allege facts which show that the defendant jail official has provided him with food that endangers his health and that the defendant was acting with deliberate indifference. *Palmer v. Johnson,* 193 F.3d 346, 352 (5th Cir. 1999). To establish deliberate indifference, it must be shown that (1) the defendant was aware of facts from

5

which he could deduce that the inmate health was at risk and (2) that the defendant actually drew an inference that the potential for harm existed.  *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).  It must be alleged that the defendant knew of the inmate's condition and disregarded it.  *Brewer v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009).

Barton complains that the dietician gave him a special diet tray containing some items that his digestive system does not handle well.  Although he is entitled to basic health care needs met, he does not have a right to the best diet available and there is no guarantee that every item served will meet his standards.  *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).  Barton's assertion that the dietician has given him a diet tray indicates that there has been an attempt to address his apparent gastro-intestinal problem and undermines his claim of deliberate indifference.  *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993).  At the most, Barton's allegations indicate that the dietician was negligent in including some incompatible food items which Barton could have easily avoided by eating the other available foods that he could tolerate.  Barton's rights are not violated by being served an occasional meal of

6

which he cannot eat its entirety.  *Berry*, 192 F.3d at 507-08.  Occasional lapses in the food service do not support a claim that the prisoner's conditions of confinement are constitutionally deficient.  *Duvall v. Dallas County, Tex.*, 631 F.3d 203, 208 (5th Cir. 2011) (citing *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir.2009)).  Moreover, Barton has failed to allege any long term physical effect from being served the diet tray such as loss of weight.  Without such showing, he cannot show that he was subjected to cruel and unusual punishment.  *Id.*

Prisoners who claim that the conditions of their incarceration have violated their constitutional rights must show that they have suffered some physical injury as a result of the deprivation.  *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (citing 42 U.S.C. § 1997e(e));  *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).  Other than vomiting and experiencing diarrhea on several occasions, Barton does not allege any physical injury resulting from the alleged service of the diet tray.  Such temporary discomforts are not actionable.  *Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999) (fleeting dizziness, temporary shortness of breath, and coughing after being choked by a police officer did not rise to the level of a constitutional violation).  Barton has failed to allege that he needed any medical treatment for the brief episodes of distress that he experienced.  He has not alleged that his physical injuries are more than *de minimis*

7

to support a claim for damages.  *Herman v. Holiday* 238 F.3d 660, 665 -666 (5th Cir. 2001) (citing *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999).  By failing to allege an actionable injury, Barton has failed to allege a claim entitling him to relief.  Therefore, his complaint in which he seeks monetary damages is subject to dismissal under 42 U.S.C. § 1997e(e). *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997).

## IV.    APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The Court denied Barton's application to proceed *in forma pauperis* and ordered him to either pay the filing fee or submit a copy of his inmate trust account history within 30 days.  The Court warned Barton that failure to comply could result in dismissal of his action for want of prosecution [Doc. # 4, at 6].  No filing fee or trust account document has been submitted.  Therefore, this action is also subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## V.    CONCLUSION

Based on the forgoing, the Court **ORDERS** as follows:

1. The prisoner civil rights complaint filed by Harris County Jail inmate Ronnie Barton (HCJ # 02564774)  is **DISMISSED with prejudice** under 28 U.S.C. § 1915(e) for failure to state a claim on which relief can be granted.

2. In the alternative, this action is subject to dismissal for want of prosecution.

8

The Clerk is directed to provide a copy of this Memorandum and Order to the parties.

The Clerk shall also provide a copy of this Memorandum and Order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ – Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159 and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas  75702, Attention: Manager of the Three Strikes List.

SIGNED at Houston, Texas on <u>July 26</u>, 2012.

Nancy F. Atlas
United States District Judge

9